**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JACARI JOHNSON-WOMACK,<br><br>Plaintiff,<br><br>v.<br><br>KLARNA INC. AND EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No. 4:26-cv-08957<br>Hon. Ewing Werlein, Jr. |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Jacari Johnson-Womack's ("Plaintiff") Original Petition (the "Complaint") as follows:

**ANSWER**

**DISCOVERY CONTROL PLAN LEVEL[1]**

1. In response to paragraph 1 of the Complaint, Experian states that the allegations contained therein are legal conclusions regarding Texas procedural rules not subject to admission or denial in this federal action. To the extent a response is required, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

[1] Experian includes the headings used in the Complaint strictly for ease of reference. Experian does not admit the truth of any allegations contained within any headings or subheadings in the Complaint, but instead expressly denies any such allegations.

## PARTIES AND SERVICE

2. As to the allegations in paragraph 2 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

3. In response to paragraph 3 of the Complaint, Experian admits that the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), defines "consumer" at 15 U.S.C. § 1681a(c). As to the remaining allegations regarding Plaintiff's status, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

4. In response to paragraph 4 of the Complaint, which is directed to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

5. In response to paragraph 5 of the Complaint, Experian admits that it is an Ohio corporation registered to do business in the State of Texas and that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts business in this judicial district. Experian further admits that it may be served with process upon CT Corporation System, its registered agent for service of process, at 1999 Bryan Street, Ste. 900, Dallas, TX 75201. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

7. In response to paragraph 7 of the Complaint, Experian admits that it furnishes consumer reports to third parties. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

**JURISDICTION & VENUE**

8. In response to paragraph 8 of the Complaint, Experian admits that it conducts business in the State of Texas and in this judicial district. Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and 28 U.S.C. § 1331. Experian states that these are legal conclusions which are not subject to denial or admission. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein. Further responding, Experian states that this action has been removed to federal court.

9. In response to paragraph 9 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them. Further responding, Experian states that this action has been removed to federal court.

10. In response to paragraph 10 of the Complaint, Experian admits that Plaintiff has alleged that venue in Fort Bend County, Texas, is proper. Experian states that this is a legal conclusion which is not subject to denial or admission. Further responding, Experian states that this action has been removed to federal court.

**FACTUAL ALLEGATIONS**

11. In response to paragraph 11 of the Complaint, Experian incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

12. In response to paragraph 12 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

13. In response to paragraph 13 of the Complaint, Experian admits that Exhibit A, attached to the Complaint, purports to be a letter from Klarna Financial Services US Limited dated June 10, 2026. Experian states that Exhibit A speaks for itself and, on that basis, denies any allegations inconsistent therewith. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

14. In response to paragraph 14 of the Complaint, Experian admits that Exhibit B, attached to the Complaint, purports to be a screenshot of a customer service communication. Experian states that Exhibit B speaks for itself and, on that basis, denies any allegations inconsistent therewith. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

15. In response to paragraph 15 of the Complaint, Experian admits that Exhibit C, attached to the Complaint, purports to be a true and correct copy of dispute results from Experian's online dispute system bearing Report Number 1114-4314-06 and the date June 22, 2026. Experian states that Exhibit C speaks for itself and, on that basis, denies any allegations inconsistent therewith. As to the remaining allegations, including all allegations regarding what Plaintiff did or submitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

16. In response to paragraph 16 of the Complaint, Experian admits that Exhibit D, attached to the Complaint, purports to include dispute results from Experian's online dispute system bearing Report Number 1114-4314-06 and the date July 14, 2026. Experian states that Exhibit D speaks for itself and, on that basis, denies any allegations inconsistent therewith. As to the remaining allegations, including all allegations regarding what Plaintiff submitted or what Plaintiff received, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

17. In response to paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**FIRST CAUSE OF ACTION**

*(Willful Violation of the FCRA as to Experian)*

20. In response to paragraph 20 of the Complaint, Experian incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

21. In response to paragraph 21 of the Complaint, Experian admits that the Complaint purports to state a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, including all subparts (a) through (h), Experian denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Experian denies that it has violated the FCRA and denies that Plaintiff is entitled to any damages, costs, attorney's fees, or other relief from Experian.

In response to the unnumbered WHEREFORE paragraph following paragraph 26 of the Complaint, Experian denies that Plaintiff is entitled to judgment against Experian or to any damages, costs, attorney's fees, or other relief from Experian.

**SECOND CAUSE OF ACTION**

*(Negligent Violation of the FCRA as to Experian)*

27. In response to paragraph 27 of the Complaint, Experian incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

28. In response to paragraph 28 of the Complaint, Experian admits that the Complaint purports to state a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, including all subparts (a) through (h), Experian denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian states that the allegations contained therein regarding Plaintiff's entitlement to fees and costs are legal conclusions not subject to admission or denial. Experian denies that it has violated the FCRA and denies that Plaintiff is entitled to any damages, costs, attorney's fees, or other relief from Experian.

**THIRD CAUSE OF ACTION**

*(Willful Violation of the FCRA as to Klarna)*

34. In response to paragraph 34 of the Complaint, Experian incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

35. In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

36. In response to paragraph 36 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

37. In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

38. In response to paragraph 38 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

39. In response to paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

40. In response to paragraph 40 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

41. In response to paragraph 41 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

42. In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

43. In response to paragraph 43 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

In response to the unnumbered WHEREFORE paragraph following paragraph 43 of the Complaint, Experian denies that Plaintiff is entitled to any judgment, damages, costs, attorney's fees, or other relief against Experian. As to the relief requested against the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

**FOURTH CAUSE OF ACTION**

*(Negligent Violation of the FCRA as to Klarna, Klarna-Only Count)*

44. In response to paragraph 44 of the Complaint, Experian incorporates by reference its responses to each of the above paragraphs as if set forth fully herein.

45. In response to paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or

information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

46. In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

47. In response to paragraph 47 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

48. In response to paragraph 48 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

49. In response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

50. In response to paragraph 50 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

51. In response to paragraph 51 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

52. In response to paragraph 52 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

53. In response to paragraph 53 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations that relate to the other defendant, Klarna Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

In response to the unnumbered WHEREFORE paragraph following paragraph 53 of the Complaint, Experian denies that Plaintiff is entitled to any judgment, damages, costs, attorney's fees, or other relief against Experian. As to the relief requested against the other defendant, Klarna

Inc., Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis denies them.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Experian denies that Plaintiff is entitled to any of the relief requested against Experian, including actual damages, statutory damages, punitive damages, attorney's fees, costs, or any other relief.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE

*(Statutes of Limitations and Repose)*

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation and repose, including but not limited to 15 U.S.C. § 1681p.

### SECOND AFFIRMATIVE DEFENSE

*(Truth/Accuracy of Information)*

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE

*(Failure to Mitigate Damages)*

Plaintiff has failed to mitigate Plaintiff's damages.

### FOURTH AFFIRMATIVE DEFENSE

*(Laches)*

The Complaint and each claim for relief therein are barred by laches.

### FIFTH AFFIRMATIVE DEFENSE

*(Contributory/Comparative Fault)*

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**SIXTH AFFIRMATIVE DEFENSE**

*(Estoppel)*

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**SEVENTH AFFIRMATIVE DEFENSE**

*(Arbitration)*

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

**EIGHTH AFFIRMATIVE DEFENSE**

*(Independent Intervening Cause)*

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

**NINTH AFFIRMATIVE DEFENSE**

*(Reservation of Right)*

Experian reserves the right to assert additional affirmative defenses as discovery progresses and additional information becomes available.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;
2. For costs of suit herein incurred; and
3. For such other and further relief as the Court may deem just and proper.

DATED: November 12, 2026

Respectfully submitted,

*/s/ John P. Loscheider*

John P. Loscheider
Attorney-in-Charge
Minnesota Bar No. 0398452
S.D. Texas Federal Bar No. MN0398452
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, D.C. 20036
Tel.: (202) 346 4000
Fax: (202) 346 4444
JLoscheider@goodwinlaw.com
Admitted to practice only in Minnesota.
Work supervised by D.C.-admitted attorneys in the firm.

*Attorney for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, a true and correct copy of the foregoing document was filed on CM/ECF and will automatically be served upon all parties of record.

*/s/ John P. Loscheider*
John P. Loscheider